IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANGIE CLEARMAN ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| OPTIMA RECOVERY SERVICES, ) | |
| LLC, ) | Jury Trial Demanded |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

### PARTIES

4. Plaintiff Angie Clearman (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Optima Recovery Services, LLC (hereinafter "Defendant Optima") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and for-profit limited liability

company organized in Delaware, and may be served through its agent for service of process: Robert Pickle, 6215 Kingston Pike, Suite A, Knoxville, TN 37902.

## **FACTUAL ALLEGATIONS**

6. Defendant Optima has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, medical bills owed to various healthcare providers.

7. Sometime prior to April 21, 2010, Plaintiff's debt was transferred to Defendant Optima for collection from Plaintiff.

### *April 21, 2010 Collection Letter*

### *Failure to Correctly State the Amount of the Debt Owed Within Five Days After the Initial Communication*

8. Within one year prior to the filing of this Complaint, on or about April 21, 2010, Defendant Optima sent Plaintiff a collection letter dated April 21, 2010. A copy of the letter is filed as Exhibit 1 to this Complaint.

9. The April 21, 2010 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

10. The April 21, 2010 collection letter was the "initial communication" with Plaintiff by Defendant Optima in connection with collection of the debt.

11. The front page of the April 21, 2010 collection letter stated that: (a) the creditor for the debt was Dr. Youhanna Al-Tawil, (b) the account number was 2106630, and (c) Plaintiff should "pay this amount" - $166.40.

12. The April 21, 2010 collection letter also stated:

> **THE ABOVE ACCOUNT HAS BEEN LISTED WITH THIS OFFICE FOR COLLECTION**
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.
> . . .
> In addition to the above-listed debt owed to DR. YOUHANNA AL-TAWIL in the amount of $166.40 you have other unpaid accounts which were previously turned over to this office. The total amount due from all of your accounts is $754.72." (Bold and all capital letters in original)

13. By including language in the April 21, 2010 collection letter that – "In addition to the above-listed debt owed to DR. YOUHANNA AL-TAWIL in the amount of $166.40 you have other unpaid accounts which were previously turned over to this office. The total amount due from all of your accounts is $754.72" – Defendant Optima failed to provide Plaintiff with the amount of the debt which Defendant Optima was attempting to collect as required by 15 U.S.C. § 1692g(a)(1).

14. Within five days after Defendant Optima sent the April 21, 2010 collection to Plaintiff, the Plaintiff had not paid the debt.

15. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the April 21, 2010 letter, and within one year prior to the filing of the original complaint, Defendant Optima failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

3

16. By failing to send Plaintiff a written notice containing the amount of the debt within five days after the "initial communication", Defendant Optima violated 15 U.S.C. § 1692g(a)(1).

17. By failing to send the Plaintiff a written notice containing the total amount due within five days after the "initial communication" in connection with collection of the debt, Defendant Optima made a false and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

18. On information and belief, Defendant Optima do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

19. On information and belief, any procedures maintained (i.e., actually employed or implemented) by Defendant Optima to avoid errors under the FDCPA were not reasonably adapted to avoid failing to send Plaintiff a written notice within five days after the initial communication in connection with collection of the debt that contained the amount of the debt.

### *Failure to Correctly State the Name of the Creditor to Whom the Debt is Owed Within Five Days After the Initial Communication*

20. Defendant Optima's April 21, 2010 initial communication stated that the name of the creditor for the debt was "Dr. Youhanna Al-Tawil . . . [and] . . . other unpaid accounts which were previously turned over to this office."

21. By failing to provide Plaintiff the name of the creditor to whom the debt is owed, within five days after the initial communication, Defendant Optima violated 15 U.S.C. § 1692g(a)(2).

22. On information and belief, any procedures maintained (i.e., actually employed or implemented) by Defendant Optima to avoid errors under the FDCPA were not reasonably adapted to avoid failing to send Plaintiff a written notice within five days after the initial communication in connection with collection of any debt that contained the name of the creditor to whom the debt is owed.

### *May 13, 2010 Collection Letter*

### *Failure to Effectively Convey the Validation Notice*

23. Within one year prior to the filing of this Complaint, on or about May 13, 2010, Defendant Optima sent Plaintiff a collection letter dated May 13, 2010. A copy of the May 13, 2010 collection letter is filed as Exhibit 2 to this Complaint.

24. The May 13, 2010 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

25. The May 13, 2010 collection letter was a subsequent communication sent by Defendant Optima in connection with collection of the debt.

26. The May 13, 2010 collection letter stated that: (a) the creditors for the debt were Dr. Youhanna Al-Tawil and Pediatric Endocrinology, (b) the account number was 1405687, and (c) Plaintiff should "pay this amount" - $754.72.

27. The May 13, 2010 collection letter also stated:

**FINAL DEMAND FOR PAYMENT**

> By choosing not to resolve your debt with this office you have given us little choice as to what to do next. Unfortunately we must now inform our client that, based upon your history with our company, you don't intend to pay this debt. Is that what you really want? If it isn't, then here is one more opportunity to pay. Take care of your obligation now and clear your record with us. (Bold and all capital letters in original)

28. The language in the May 13, 2010 collection letter, including, "**FINAL DEMAND FOR PAYMENT**," "[b]y choosing not to resolve your debt with this office you have given us little choice as to what to do next" and "one more opportunity to pay" which was sent by Defendant Optima in less than 30 days after sending the April 21, 2010 collection letter which provided the Plaintiff notice of her right to dispute and request verification of the debt could be reasonably interpreted by the least sophisticated consumer as advancing a threat of legal action before expiration of the Plaintiff's right to seek validation of the debt, in violation of 15 U.S.C. § 1692e(5).

29. On information and belief, any procedures maintained (i.e., actually employed or implemented) by Defendant Optima to avoid errors under the FDCPA were not reasonably adapted to avoid advancing a threat of legal action before expiration of the Plaintiff's right to seek validation of the debt.

30. The language in the May 13, 2010 collection letter, including, "**FINAL DEMAND FOR PAYMENT**," "[b]y choosing not to resolve your debt with this office you have given us little choice as to what to do next" and "one more opportunity to pay" which was sent by Defendant Optima in less than 30 days after sending the April 21, 2010 collection letter, which provided the Plaintiff notice of her right to dispute and request verification of the debt, advanced a threat of legal action, and when combined with two collection letters

that included different amounts of debt and different creditors owed in each letter failed to effectively convey the Plaintiff's validation notice, in violation of 15 U.S.C. § 1692g(a).

31. On information and belief, any procedures maintained (i.e., actually employed or implemented) by Defendant Optima to avoid errors under the FDCPA were not reasonably adapted to avoid making a threat of legal action in a separate collection letter sent within the 30-day time period provided in the initial written communication which provided Plaintiff's validation notice.

32. The language in the May 13, 2010 collection letter, including, "**FINAL DEMAND FOR PAYMENT**," "[b]y choosing not to resolve your debt with this office you have given us little choice as to what to do next" and "one more opportunity to pay" which was sent by Defendant Optima in less than 30 days after sending the April 21, 2010 collection letter which provided the Plaintiff validation notice was a threat of immediate legal action which would make the least sophisticated consumer confused and/or uncertain as to her rights to dispute and obtain verification of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and both overshadowed and was inconsistent with the Plaintiff's right to dispute the debt within the 30-day period, in violation of 15 U.S.C. § 1692g(b).

*Summary*

33. The above-detailed conduct by Defendant Optima in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## IV. TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

36. The foregoing acts and omissions of Defendant Optima and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

37. As a result of Defendant Optima and their agents' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Optima herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Optima:

# COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Optima and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Optima and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Optima and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/21/11                                      Respectfully submitted,

**ANGIE CLEARMAN**

_____
Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com